IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DEBRA J. FITCH,<br><br>           Petitioner,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>           Respondent. | Case No. CV 04-0647-E-MHW<br><br>**MEMORANDUM DECISION and ORDER** |

Currently before the Court for its consideration is the Petitioner's Request for Judicial Review (docket # 1) of the Respondent's denial of her claim for benefits under Title XVI, filed December 27, 2004. Petitioner brought this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g). The Court has reviewed the Petition for Review, the Answer, the parties' memorandums, the Administrative Record ("AR"), and submits its Memorandum Decision as follows.

**Memorandum Decision and Order - Page 1**

# I.
# Background.

**A.     Administrative Proceedings.**

Petitioner Debra J. Fitch was previously found disabled and received benefits under Titles II and XVI of the Act through July, 2001. However, upon further evaluation, it was determined that she improved medically with the result that she was no longer disabled. Petitioner subsequently filed an application for disability benefits under Title XVI of the Act on February 25, 2002. (AR 16.) The Petitioner alleged disability beginning on July 28, 1997, due to bipolar disorder. The applications were denied initially on May 14, 2002, and upon reconsideration on September 18, 2002. (AR 46.) After a timely request for a hearing was filed on September 23, 2002, Petitioner, represented by Jacob Bernhardt, a non-attorney representative,[1] appeared and testified before Administrative Law Judge James E. Craig on May 28 2003. Dr. John F. Hurst testified as a vocational expert. (AR 16.) Dr. Thomas E. Atkin testified as a medical expert. (AR 16.) At the hearing, Petitioner amended her alleged onset date to February 25, 2002.

Administrative Law Judge James E. Craig considered the testimony and all other evidence of record and issued a decision on September 10, 2003, finding Petitioner not disabled within the meaning of the Act, and was therefore not entitled to supplemental security income. (AR16.) This became the final decision of the Commissioner when the Appeals Council declined to review the ALJ's decision on October 21, 2004. (AR 4.) 20 C.F.R. §§ 404.981,

---

[1] It is unclear from the record whether Mr. Bernhardt is an attorney because the record refers to him both as a non-attorney representative (AR 16), and as an attorney (AR 207). It is clear that he is associated with the law firm of Bradford D. Myler and Associates in Orem, Utah. Mr. Myler represents Petitioner on appeal.

416.1481 (1991). Petitioner has exhausted all administrative remedies and is therefore seeking judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**B.      Statement of Facts.**

At the time of the hearing, the ALJ Petitioner was 48 years old. In addition to working most recently as a cashier for Maverick, Petitioner's prior work experience consisted of a clerk at a grocery store outlet. (AR 211-12.) Petitioner alleged disability due to bipolar disorder and panic attacks, resulting in occasional hyperventilation, inability to concentrate, sleep loss, and stress. (AR 213-215.) Petitioner also complains of bad knees that make her irritable. (AR 213.)

## II.
## Findings of the Administrative Law Judge.

In the decision issued following the hearing (AR 13-22 ), the ALJ made specific findings as follows:

1. The claimant has not engaged in substantial gainful activity since February 25, 2002.

2. The medical evidence establishes that the claimant has bipolar disorder and panic disorder, impairments which are severe but which do not meet or equal the criteria of any of the impairments listed in appendix 1, subpart P, Regulations No. 4.

3. The claimants allegation of disability is not fully credible, for the reasons set forth in the body of this decision.

4. The claimant has residual functional capacity for unskilled work with the following limitations: no need to carry out detailed instructions or make complex decisions; no working in close proximity to others or with the general public.

5. The claimant is unable to perform her past relevant work.

6. The claimant is 48 years old, defined as "a younger individual."

7. The claimant has a limited or less education.

**Memorandum Decision and Order - Page 3**

    8.      The claimant does not have skills which are transferable to work within her residual functional capacity.

    9.      Examples of jobs which the claimant could perform include: folder-laundry, assembler-small products, and solderer-production line. The incidence of these jobs is set forth in the body of this decision. Therefore, the Administrative Law Judge finds that the claimant is able to perform work existing in significant numbers in the national economy.

    10.     The claimant has not been under a disability, as defined in the Social Security Act at any time pertinent to this decision.

## III.
## Standard of Review.

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he/she is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims. 42 U.S.C. § 405(g); and *Flaten v. Secy of HHS,* 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. *Id.* It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993).

**Memorandum Decision and Order - Page 5**

The Social Security Commissioner has established a five-step evaluation process in order to determine whether a person is disabled for purposes of awarding disability benefits. 20 C.F.R. §§ 404.1520, 416.920 (1996); *Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). First, the Commissioner determines whether the claimant is engaged in substantial gainful activity. If the claimant is engaged in such activity, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). The ALJ determined that the Petitioner was not involved in any substantial gainful activity. (AR 17.)

The Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1529(d)(1); and 416.929(d)(1). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied. The ALJ here found that Petitioner Debra J Fitch's impairments of Bipolar Disorder and Panic Disorder did significantly limit her ability to engage in basic work activities and constitute a severe impairment. (AR 17.)

If the impairment is severe, the Commissioner proceeds to the third step of the evaluation process to determine whether the claimant has an impairment which meets or equals those contained in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d). Appendix 1 contains a list of impairments which would prevent a person from engaging in substantial gainful employment. If a claimant can show he or she is limited by such an impairment, disability is presumed. The ALJ here

determined that Petitioner's impairments did not meet or equal the severity of any listing for Bipolar Disorder and Panic Disorder. (AR 17.)

If the impairment is not one that is presumed to be disabling, the ALJ then determines whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e. whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work. If the claimant is able to perform past work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ determined that petitioner had residual functional capacity 20 C.F.R. §§ 416.920(e) to perform unskilled work with limitations in ability to: execute detailed instruction, work in close proximity to others and interact with the public. (AR 21.). The ALJ determined that the Petitioner was not able to perform her past relevant work, but retain residual functional capacity to perform other work, subject to certain limitations. (AR 20-21.) This determination is in dispute.

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine whether the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. 20 C.F.R. §§ 404.1520(f), 416.920(f). In the instant case, the ALJ determined from the evidence that the Petitioner did retain the residual functional capacity for unskilled work *e.g.* folder-laundry, assembler-small products, or solderer-production line. (AR 20-21.) The ALJ determined that Petitioner was not disabled within the meaning of the Act. This determination is in dispute.

## IV.
## Issues Raised.

The primary issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and whether it is based on proper legal standards. *Matney ex rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992). The Petitioner presents the following issues on appeal:

> A.   Did the ALJ provide specific and legitimate reasons for rejecting the opinion of Petitioner's treating physicians.
>
> B.   Did the ALJ articulate sufficient reasons for discounting the credibility of the Petitioner.

The Court will address the issues separately.

**A.   Treating physician testimony.**

Plaintiff alleges that the ALJ erred in rejecting the opinions of Dr. Thomas Guyer and his Physician Assistant, Zabrina Thurman. In making this argument Petitioner cites *Holohan v. Masanari*, 246 F.3d 1195 (9th Cir. 2001), which explains the different categories of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexaming [or reviewing] physicians). *Holohan*, 246 F.3d at 1202-03. A treating physician's opinions is given controlling weight by the ALJ, so long as it was obtained through "acceptable diagnostic techniques" and consistent with other substantial

evidence. *Id* at 1202. More weight will be given to a physician's opinion in an area of their expertise and that provides detailed explanations of their opinions. *Id.*

Respondent contends that the ALJ correctly applied the legal standards and rejected the opinion of Dr. Guyer and his physician assistant Zabrina Thurman based on substantial evidence. The ALJ must give specific legitimate reasons for rejecting contradicted medical opinions. *Magallanes v. Bowen* 881 F.2d 747, 751 (9th Cir. 1989). The ALJ will support his determinations "by setting out a detailed and thorough summary of facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater,* 157 F.3d at 715, 722 (9th Cir. 1998).

The task of this Court is to ensure that the ALJ's decision was supported by substantial evidence and free from legal error. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). "In evaluating evidence, the reviewing court must look at the record as a whole, weighing both evidence that supports and detracts from the Secretary's conclusion." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). This Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755. It is not the job of this court to "second guess" the fact findings of the ALJ. *Allen v. Heckler*, 749 F.2d at 577, 579 (9th Cir 1995). This Court may not reverse a credibility determination that is based on contradictory or ambiguous evidence. *Id.*

Petitioner's medical evidence includes Physician Assistant Zabrina Thurman's medical notes from Dr. Thomas Guyer's office (Exhibit 3f), and a Work Capacity Evaluation of the Petitioner (Exhibit 8f), filled out by PA Thurman on May 8, 2003. Importantly, the Court notes that Dr. Guyer's memorandum to Disability Determination Services ("Memo") was not

considered by the ALJ in his determination. (Exhibit AC-1.) The Appeals Council correctly considered the Memo under 20 C.F.R. § 404.970(b), but ultimately denied the Petitioner's request for review. (AR 4-8.)

### 1) Medical Notes from October 1999 through July 2002.

Medical notes of Petitioner's visits to Dr. Guyer's office from October, 1999, through July, 2002, were considered by the ALJ in his decision. These notes contained medical information regarding both the physical and mental health of the Petitioner. On January 4, 2000, it was noted that Petitioner complained of depression, mood swings and sleep loss, and was prescribed Paxil. (AR 136.) On February 1, 2000, Petitioner was noted as "feeling significantly better." (AR 134.) The next indication of mental problems occurred on February 11, 2002. On that day, Petitioner was noted having severe panic/depression, racing thoughts, frustrations, tearfulness, inability to work, inability to handle crowds, disrespect for authority, guilty worthless feelings, suicidal ideation, current plan to hurt self, very depressed, and manic episodes. Petitioner was prescribed Paxil and Zyprexa. (AR 122.) As noted earlier, Petitioner's amended onset date was February 25, 2002. A month later, on March 11, 2002, Petitioner looked better, was happier, and was interacting well. (AR 121.) However, it was still noted that she was depressed, had racing thoughts, tearfulness, irritability, both on March 11 and June 25, 2002. PA Thurman also noted on June 25, 2002 that "depression appears to be under good control." *Id*. Lastly, on July, 9, 2002, Petitioner was ranked a "6 on a 1-10 scale." (AR 120.) Petitioner had much less anxiety, improved sleep, was more out going and "feels great." *Id*.

PA Thurman's diagnosis of the Petitioner from October 1999 to July 2002 is noted on Page 4 of the ALJ's decision (AR 19.) Petitioner claims these medical notes give substantial

**Memorandum Decision and Order - Page 10**

weight to her claim that she was disabled under the Act. The ALJ interpreted these medical notes as showing that the Petitioner was both "doing well with meds" and feeling "much better." (AR 19.)

### 2) Work Capacity Evaluation of May 8, 2003.

PA Thurman completed an assessment of Petitioner's mental health condition on May 8, 2003. (AR 201-203.) Thurman noted that Petitioner's mental impairments resulted in "marked restriction of activities of daily living, marked difficulties maintaining social functioning, marked difficulties maintaining concentration, persistence, and pace, and three episodes of decompensation, in addition to satisfying all aspects of the 'C' criteria." (AR 201-203.) The work capacity evaluation is discussed by the ALJ, who questioned the validity of this evaluation due to the gross inconsistency between the medical notes ( Exhibit 3F), which showed improved mental health of the Petitioner, and the work capacity evaluation, which showed clearly marked restrictions in work activity due to Petitioner's bipolar disorder.

### 3) July 10, 2003, Memo to Disability Determination Services from Dr. Thomas R. Guyer.

Dr. Guyer's Memo in support of Petitioner's claim was received after the record was closed and was not considered when the ALJ made his determination. (Exhibit AC-1.)[2] However, on appeal of the ALJ's decision, the Appeals Council did consider Dr. Guyer's newer report but did not find that it provided a basis for changing the ALJ's determination that the Petitioner was not disabled within the meaning of the Act.

---

[2] At the hearing on May 28, 2003, before the ALJ, Petitioner's representative requested that the record remain open so that he could obtain an updated report from Dr. Guyer. As of June 30, 2003, no report had been received by the ALJ, so the ALJ issued a decision based on the evidence that had been before him at the hearing.

**Memorandum Decision and Order - Page 11**

Dr. Guyer stated in his Memo that he had known the Petitioner for over 25 years but had only limited contact with her since 2000. (AR 204.) Dr. Guyer further stated that the Petitioner had been hospitalized twice before at the Behavior Health Center, but that the records were no longer available. (AR 204, 213.) Dr. Guyer discussed having last seen the Petitioner on June 5, 2003,[3] when he observed a near total regression of the Petitioner. (AR 204.) Dr. Guyer stated that the Petitioner was in a "stuperous state" and responded slowly questions. Guyer also noted that Petitioner was "unemployable" and had symptoms including "severe sadness associated with crying, sleeping constantly and constant thoughts of suicide" as well a hereditary depression as shown by her mothers and sisters having depression. Dr. Guyer recommended that Petitioner be reconsidered for Social Security benefits.

Dr. Guyer's Memo was not available at the time the ALJ made his decision. However, it was reviewed by the Appeals Council in accordance with 20 C.F.R. § 404.970(b), which reads:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

The Appeals Council found that Dr. Guyer's July 10, 2003, Memo did not provide a basis for reviewing the decision of the ALJ. The Appeals Council reasoned that Dr. Guyer's opinion was based on reported symptoms and statements made by the Petitioner and the Petitioner's family

---

[3] The medical notes (AR 120-136) contain no mention of the June 5 meeting between Dr. Guyer and the Petitioner.

**Memorandum Decision and Order - Page 12**

and not on psychological evaluations or medical testing. (AR 5.) The Appeals Council also noted that Dr. Guyer had not seen the Petitioner in several years. Further, the Appeals Council stated that less weight should be afforded Dr. Guyer's opinion because he is a family practitioner and not a mental health professional.

The Appeal Council's decision provided specific and substantial evidence for discounting the opinions of Dr. Guyer. As noted by the Ninth Circuit, although the opinion of the treating physician is generally afforded the greatest weight, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2003). An ALJ may properly accord minimal evidentiary weight to a treating physician's opinion if it is not supported by objective evidence, contradicted by other statements and assessments, and is based in large part on the claimant's subjective description of his or her limitations. *Id.*

The ALJ rejected the opinion of Dr. Guyer and PA Thurman because of their findings were contradicted by the medical opinions of Dr. Atkins, a medical expert clinical psychologist, Dr. Chet Owens, D.O., from Disability Determinations Services, Dr. Brent F. Baldree, a clinical psychologist, and John Hurst, a rehabilitation counselor and vocational expert at the hearing.

### 1)     Dr. Atkin's testimony at the hearing.

Dr. Atkins, using the treatment record and two consultive evaluations as a basis for his opinion, found that Petitioner had "[r]estrictions of activities of daily living mild, difficulties in maintaining social functioning moderate, difficulties in maintaining concentration, persistence or pace moderate, and episodes of decompensation none." (AR 218-219.) Dr. Atkins also noted that the Appendix I "C" Criteria was not established for the diagnosis of the Petitioner under 12.04

(bipolar history) and 12.06 (panic disorder) as was alleged in the Work Capacity Evaluation (Exhibit (8F). Dr. Atkins further concluded that Petitioner's bipolar and panic disorders only satisfied the "A" Criteria for listings 12.04 and 12.06. Dr. Atkins testified that the claimant's medical records did not support the severity of limitation described by Dr. Guyer and PA Thurman. (AR 219-20.)

### 2) Dr. Owens' and Dr. Baldree's evaluations.

The ALJ placed less weight on the opinions of PA Thurman and Dr. Guyer based on consultive evaluations of Dr. Owens in 2000 and Dr. Baldree in 2002. Dr. Owens noted that Petitioner was speaking clearly, continuing to work, taking care of her grandson, and doing household chores. (AR 113.) Dr. Owens noted her mood was depressed and she had moderate difficulty in social, occupational, or school functioning, as well as panic attacks. (AR 19.) Petitioner asserts in her brief that the ALJ improperly relied on Dr. Owen's report, since his examination took place before the onset date. Dr. Owens' opinion was produced more than two years prior to the Petitioners' amended onset date of February 25, 2002. At that time, the Petitioner was functioning at a higher level than evaluations conducted more closely to the alleged onset date. However, the ALJ's consideration of Dr. Owens' report was not entirely inappropriate.[4]  Dr. Owens provides a background of the Petitioner's mental health history and pertinent information regarding the Petitioner's historic residual functional capacity. Even if the Court were to ignore Dr. Owens' report, the ALJ's determination is still supported by substantial evidence and would not required a remand.

---

[4] Dr. Owens' opinion is explained in one short paragraph in the ALJ's decision.

**Memorandum Decision and Order - Page 14**

The ALJ relied heavily on the opinion of Dr. Baldree, who evaluated the Petitioner in April, 2002, two months after the alleged onset date. Dr. Baldree stated that Petitioner voluntarily quit her job in January of 2002 because she was more irritable, angry, frustrated, and mouthy. (AR 19, 115.) However, Petitioner reported her problems were with customers and not her employers. Br. Baldree also reported that Petitioner was feeling good on the day of the evaluation and was continuing to clean her parents' house, fix dinner for them and drive to medical evaluation appointments. (AR 115.)

Importantly, Br. Baldree noted that Petitioner occasionally exaggerated her symptoms and that the "questionable reliability of the background data, the uncertain veracity of her claims and her variable performance on some of the tasks on which she was measured brings into question the validity of the present examination as a representative and valid measure of her current cognitive capabilities." (AR 117.) Regardless of the Dr. Baldree's professional opinion regarding the Petitioner's exaggerated and inconsistent responses, he diagnosed her as having bipolar disorder and panic disorder without agoraphobia and that she was "average to borderline cognitively impaired." (AR 117.)

In evaluating the Petitioner's Social Security claim, the ALJ must follow certain regulations in considering the weight of the evidence. When rejecting the conclusion of a treating physician, the ALJ must provide clear and concise reasons, supported by substantial evidence. The ALJ's reasons for rejecting the opinion of Dr. Guyer were: 1) Dr. Guyer is a family physician and not an expert in mental disorders; 2) Dr. Guyer has only had limited contact with the Petitioner regarding her mental impairments; 3) Dr. Guyer's evaluation (Exhibit 8F) was completed by his assistant, PA Thurman, who is not a doctor; and 4) the severity of

**Memorandum Decision and Order - Page 15**

limitations and restrictions noted in PA Thurman's evaluation (AR 201-203) are inconsistent with the severity of restrictions noted by Dr. Baldree and Dr. Atkins.

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting the opinions of Dr. Guyer and PA Thurman.  The ALJ's basis for relying on the opinions of Dr. Atkins and Dr. Baldree are significant and substantial. Dr. Atkins and Dr. Baldree are experts in the field of mental health disorders.  It is not the function of this Court to second guess the ALJ, but merely evaluate his decision  and ensure that it supported by substantial evidence and free from legal error  The Court finds the ALJ's decision meets this standard.

**B.     Did the ALJ provide clear and convincing reasons for discounting the Petitioner's testimony?**

Petitioner asserts that the ALJ's decision should be reversed because the of failure to provide specific, clear, and convincing reasons for rejecting the Petitioner's testimony. Petitioner contends that her testimony, combined with the work capacity evaluation (Exhibit 8F), the medical notes (Exhibit 3F), and the Memo from Dr. Guyer (Exhibit AC-1), show that Petitioner is in fact severely impaired and incapable of engaging in substantial gainful activity. Petitioner asserts that while the ALJ is responsible for determining the credibility of the claimant, the ALJ cannot reject the claimant's testimony without providing clear and convincing reasons for doing so.  *Holohan v. Masanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

In response, the Commissioner argues that not all of the ALJ's reason for discrediting the claimant must be upheld, as long as substantial evidence supports the ALJ's determination. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1197 (9th Cir 2004).

**Memorandum Decision and Order - Page 16**

To reject a claimant's subjective complaints the ALJ must provide "specific, cogent reasons for disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). If the ALJ rejects testimony of the claimant and provides in his decision specific reasons for doing so, even if a different determination could have been reached, then the court must uphold his conclusion absent some error of law.  In this case, the Court finds that the ALJ did provide sufficient reasons, based on evidence in the record, to discredit Petitioner's testimony.

While the Petitioner did present evidence which showed that she would have some limitations regarding her ability to work, the ALJ specifically noted that Dr. Baldree believed that  the Petitioner was exaggerating her responses during her psychological evaluation. Exaggeration of the severity symptoms by the Petitioner during her psychological evaluation can provide a basis to discredited  Petitioner's testimony.

The ALJ may also discredit a claimant's subjective complaints by identifying inconsistencies between her complaints and her activities of daily living. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).  The ALJ found that Petitioner, while experiencing symptoms of bipolar and panic disorder, was still able to drive to her medical appointments, shop, cook, clean, and get along with parents and the majority of the family members as well as employers. (AR 18-19.) The Court finds that substantial evidence supports the ALJ's findings that Petitioner's ability to engage in the above activities is inconsistent with the alleged level of limitation and impairment described in her testimony.

The ALJ also relied on the medical reports of Dr. Owens, Dr. Baldree, and Dr. Atkins for his finding that the severity of limitations and impairments complained of by the Petitioner are

**Memorandum Decision and Order - Page 17**

inconsistent with her daily living activities.  Therefore, the record supports the ALJ's findings that the Petitioner was only partially credible.

## V.
## Conclusion.

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error.  Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act should be affirmed.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be AFFIRMED and that the petition for review be dismissed.



DATED: August 18, 2006

_____
Honorable Mikel H. Williams
United States Magistrate Judge